1  BRETT J. WILLIAMSON (145235)
2  bwilliamson@omm.com
   O'MELVENY & MYERS LLP
3  610 Newport Center Drive, 17th Floor
   Newport Beach, California  92660-6429
4  Telephone:  (949) 760-9600
5  Facsimile:  (949) 823-6994

6  RYAN K. YAGURA (197619)
7  ryagura@omm.com
   VISION L. WINTER (234172)
8  vwinter@omm.com
9  ALAN D. TSE (266273)
   atse@omm.com
10 O'MELVENY & MYERS LLP
11 400 South Hope Street
   Los Angeles, CA 90071-2899
12 Telephone:  (213) 430-6000
13 Facsimile:  (213) 430-6407

14 *Attorneys for Plaintiff Secured Mail Solutions,*
   *LLC*
15
16 (Additional Counsel on Following Page)

17              **UNITED STATES DISTRICT COURT**
18              **CENTRAL DISTRICT OF CALIFORNIA**
19                    **SOUTHERN DIVISION**
20

| 21 SECURED MAIL SOLUTIONS, LLC, | Case No. SACV 12-01090 DOC(MLGx) (Consolidated for pretrial purposes with Case No. SACV 12-01118) |
| --- | --- |
| 23              Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 24        v. | |
| 25 ADVANCED IMAGE DIRECT, LLC, ET AL. | |
| 27              Defendants. | |

28

**ADDITIONAL COUNSEL:**

James E. Doroshow (112920)
jdoroshow@foxrothschild.com
Lena Bacani (SBN 213556)
lbacani@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-3005
Telephone:  (310) 598-4150
Facsimile: (310) 556-9828

*Attorneys for Defendants Advanced
Image Direct, LLC, Vertis Holdings, Inc.,
Vertis, Inc., and Envelopes Unlimited, Inc*

Mario Moore (231644)
mario.moore@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

James A. Glenn (*Pro Hac Vice*)
jglenn@morganlewis.com
Michael L. Raspino (262037)
mraspino@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1000 Louisiana St., Suite 4000
Houston, TX  77002
Tel: 713.890.5000
Fax: 713.890.5001

*Attorneys for Harte-Hanks Defendants*

## STIPULATED PROTECTIVE ORDER

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

IT IS HEREBY STIPULATED, and subject to the Court's approval, ORDERED, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings:

1. <u>LIMITATIONS</u>

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 11, below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, in-house attorneys, consultants, retained experts, outside counsel, and associated support staff.

2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "<u>Confidential</u>": for purposes of this Order, " information designated "Confidential" shall mean all information or material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party considers in good faith to contain confidential, commercially sensitive and/or proprietary information not otherwise known or available to the public.  The following are examples of information that is not considered confidential: (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.  By way of non-limiting example, documents in one or more of the following categories may qualify for the "CONFIDENTIAL" designation:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.C.P. 26(c); non-public, non-commercially sensitive technical information, including data sheets, product schematics, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology.

2.4     "<u>Confidential – Outside Attorneys' Eyes Only</u>": for purposes of this Order, information designated "Confidential – Outside Attorneys' Eyes Only" shall constitute or contain information that is confidential and/or sensitive in nature and that the Producing Party reasonably believes that the disclosure of such information may cause economic harm or competitive disadvantage to the Producing Party.  By way of non-limiting example, documents in one or more of the following categories may qualify for the "Confidential – Outside Attorneys' Eyes Only" designation: (i) commercially sensitive research and development, technical, testing or engineering documents (including CAD diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, requirement documents, research notes and materials); (ii) commercially sensitive financial information (e.g., the number of products sold, total dollar value of sales products, sales forecasts, and profit

margins); (iii) commercial agreements, settlement agreements or settlement communications; (iv) customer lists, employee information, and other non-public information of similar competitive and business sensitivity; (v) commercially sensitive business and/or marketing plans, including, without limitation, trade secrets, pricing information, product development information; (vi) price lists and/or pricing information; (vii) information obtained from a non-party pursuant to a current non-disclosure Non-Disclosure Agreement ("NDA"); and (viii) non-public communications (including email) regarding topics relating to items (i)-(vii).

2.5    "Highly Confidential Code" or "Source Code":  extremely sensitive electronic or computer code such as software, firmware, source code, object code, listing files generated by compilers or assemblers, and intermediate files created during the build process, test programs and scripts, and source code or object code for associated tools (collectively "Source Code").  The following are **not** properly considered "Source Code":  documents, files, and data that are primarily intended for human review (including but not limited to word processing documents, text files, PowerPoint presentations, Excel spreadsheets, Access databases, PDF files, photographs, and the like or any files with file extensions such as doc, xls, txt, ppt, pps, pdf, jpeg, tiff, htm, html, maq, mdb, mov, MP3, wav, mpp, and pst).  For avoidance of doubt, a document primarily intended for human review with an excerpt of electronic or computer code is not "Source Code."

2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery Materials in this action.

2.7    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8    Designating Party:  a Party or non-party that designates Disclosure or Discovery Materials produced in this action as "Confidential,"  "Confidential – Outside Attorneys' Eyes Only," or "Highly Confidential Code."

2.9     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential," "Confidential – Outside Attorneys' Eyes Only," or "Highly Confidential Code."

2.10    Outside Counsel: attorneys who are neither employees nor principles of a Party (and also for Plaintiff: attorneys who have no ownership interest or inventorship interest in Plaintiff or the patents-in-suit) but who are retained to represent or advise a Party in this action, as well as their support staff.  For avoidance of doubt, Todd E. Fitzsimmons is not Outside Counsel under this Protective Order.

2.11    In-House Counsel:  Up to three attorneys designated by (and also employed by that Party) that have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).  For avoidance of doubt, Todd E. Fitzsimmons may be In-House Counsel under this Protective Order.

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.  "Expert" as defined in this paragraph and as used in this Order is applicable only for the purposes of disclosure of Protected Material.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.      SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as

all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  If a Receiving Party believes that items designated for protection do not qualify for the level of protection indicated, the Receiving Party shall request that the Producing Party re-designates the items in accordance with Section 6, below.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Receiving Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, Paragraphs 5.2(c), 5.2(d), and 5.2(f), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) Hard copy or Paper Materials (apart from transcripts of depositions or other pretrial or trial proceedings):  The Producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL CODE" at the top or bottom of each page that contains such Protected Material.  If the Receiving Party believes a portion of the page so designated does not contain Protected Material or should be given a lower level of protection, the Receiving Party may make a request to the Producing Party that that portion be de-designated. The change in the level of protection may be indicated by making appropriate markings in the margins of the affected page.

(b) Native and/or Other Electronic Materials:  All Protected Material not reduced to hard copy, tangible, or physical form or that cannot be conveniently designated as set forth in Paragraph 5.2(a) shall be designated by informing the Receiving Party of the designation in writing, and/or in the load file or other similar database, table or chart accompanying said production.  To the extent the Receiving Party subsequently generates any copies of this information, whether electronic or hard copy, it shall ensure that all such copies are designated with the appropriate confidentiality designations.

When documents are produced in electronic form, the Producing Party shall include a confidentiality designation on the medium containing the documents.  If the medium contains documents in native electronic format, the medium shall include an electronic database record for each native format file that includes on the face of the electronic database record the applicable confidentiality designation (if any) and a document identification or Bates number for the associated document. When a Receiving Party prints a native format file from such medium, the Receiving Party shall also print the corresponding electronic database record and attach it to the native format file so that the native file's confidentiality designation will be readily apparent to one viewing the file.  In the event that a Receiving Party

prints a native format file from a medium that has been marked with a confidentiality designation, but the native file is not accompanied by an electronic database record or the electronic database record could not be printed, the Receiving Party shall mark each page of such native file with a "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation until the native file's electronic database record may be located or printed.

(c) Documents Made Available for Inspection:  Any tangible objects, documents or electronically stored information (excluding Source Code) made available only to Outside Counsel for the Receiving Party for initial inspection prior to the production of selected items shall initially be considered, as a whole, to constitute "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information and shall be subject to this Protective Order.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.

During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL  – OUTSIDE ATTORNEYS' EYES ONLY."  After Outside Counsel for the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE") at the top or bottom of each page that contains Protected Material.  If the Receiving Party believes a portion of the page so designated does not contain Protected Material or should be given a lower level of protection, the Receiving Party may make a request to the Producing Party that that portion be de-designated. The change in the level of

1   protection may be indicated by making appropriate markings in the margins of the

2   affected page.

3          (d) Physical Exhibits:  The confidential status of a physical exhibit

4   shall be indicated by placing a label on it with the appropriate confidentiality notice

5   as described in Paragraph 5.2(a).

6          (e) Written Discovery:  In the case of information incorporated in

7   answers to interrogatories or responses to requests for admission, the appropriate

8   confidentiality notice as described in Paragraph 5.2(a) shall be placed on each

9   answer or response that contains Protected Material.

10          (f) Testimony given in deposition:  A Party or non-party seeking to

11   designate testimony under this Order may so identify on the record, before the close

12   of the deposition, any portions of the testimony that the Party or non-party intends

13   to designate as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE

14   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE." A Party

15   or non-party seeking to designate testimony under this Order may also, up to 30

16   days following receipt of the transcript from the court reporter, identify, in writing,

17   the specific portions of the testimony as to which protection is sought and specify

18   the level of protection being asserted ("CONFIDENTIAL," "CONFIDENTIAL –

19   OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

20   CODE").  Only those portions of the testimony that are appropriately designated for

21   protection within the 30 days shall be covered by the provisions of this Order.

22          (g)     Information or items produced by other Parties or non-parties

23   (e.g., documents obtained by third-party subpoenas):  If a Party wishes to designate

24   under this Order, the Party must, shortly after receiving such information or items,

25   notify all other Parties in writing of the designation, describing the information or

26   items at issue (e.g., by Bates number) and the level of protection claimed with

27   respect to such information or items; all other Parties shall then apply the

28

appropriate legend to the information or items in accordance with the preceding
paragraphs, depending on the type of information or item.

5.3    Inadvertent Failures to Designate.  A Designating Party that
inadvertently fails to mark information or items as "CONFIDENTIAL,"
"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY
CONFIDENTIAL CODE" at the time of production shall be allowed to correct
such failure at any time.  In that event, the Designating Party shall provide notice in
writing to all Receiving Parties, accompanied, as necessary, by appropriately
marked substitute copies of such documents.  Upon receipt of such notice, a
Receiving Party will take appropriate steps to assure that the previously unmarked
documents are treated as Protected Material in accordance with the provisions of
this Order and will destroy all previously unmarked or mismarked copies of the
information or items.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating
Party's confidentiality designation is necessary to avoid foreseeable substantial
unfairness, unnecessary economic burdens, or a later significant disruption or delay
of the litigation, a Party does not waive its right to challenge a confidentiality
designation by electing not to mount a challenge promptly after the original
designation is disclosed.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a
Designating Party's confidentiality designation must do so in good faith and must
begin the process by conferring directly with Counsel for the Designating Party.  In
conferring, the challenging Party must explain the basis for its belief that the
confidentiality designation was not proper and must give the Designating Party an
opportunity to review the designated material, and, if no change in designation is
offered, to explain the basis for the chosen designation.  A challenging Party may
proceed to the next stage of the challenge process only if it has engaged in this meet

1   and confer process first.

2        6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

3   confidentiality designation after considering the justification offered by the

4   Designating Party may file and serve a motion under Local Rules 37-1 and 37-2

5   (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the

6   challenged material and sets forth in detail the basis for the challenge.  Each such

7   motion must be accompanied by a competent declaration that affirms that the

8   movant has complied with the meet and confer requirements imposed in the

9   preceding paragraph and that sets forth with specificity the justification for the

10   confidentiality designation that was given by the Designating Party in the meet and

11   confer dialogue.  The burden of persuasion in any such challenge proceeding shall

12   be on the Designating Party.  Until the court rules on the challenge, all parties shall

13   continue to afford the material in question the level of protection to which it is

14   entitled under the Designating Party's designation.

15   7.   <u>FORM OF PRODUCTION</u>

16        7.1   <u>General Production</u>.  Documents reasonably produced as single or

17   multi-page files must be produced electronically in single or multi-page .TIF format

18   (depending on whether the document is a single-page document or a multi-page

19   document) with corresponding OCR information (for hardcopy) or Fulltext extracts

20   (extracted text information for electronic documents, provided in a separate .txt file)

21   and accompanying load files tracking document breaks (to be provided in Ringtail,

22   Concordance, Relativity, or Summation format, at the Receiving Party's request).

23   There is no general obligation to collect or produce metadata, except the Parties

24   reserve the right to request specific data for specific documents for good cause.  For

25   documents not amenable to production by TIFF images (e.g. database, spreadsheet,

26   or media files), the Producing Party may produce documents in native format.  For

27   documents more conveniently reviewed or analyzed in native format, the Receiving

28   Party may request that documents be produced in native format and such request

will not be unreasonably denied.

7.2    Production of Excel Files.  Excel spreadsheets can be produced in either the format described in 7.1 above or in native format.  If produced in the format described in 7.1 above, the Receiving Party may also request native versions of the file which shall be promptly provided.  For native spreadsheet productions, a placeholder page will be put into the .TIF production to represent the spreadsheet file.  The placeholder will have the production ID, confidentiality footer if appropriate, and the original file name of the produced document.  The native spreadsheet file name shall be prefixed with the document level production ID corresponding to the ID on the placeholder image for that file.

7.3    Production of Source Code.  Production of Source Code is detailed below in Section 8.5 entitled "Procedures for Production and Review of Source Code."

7.4    Other Production Documents.  Documents not amenable to production pursuant to paragraphs 7.1 - 7.3 shall be produced in native format with a placeholder page placed in the ".TIF" production to represent the native file.  The placeholder will have the production ID, confidentiality footer if appropriate, and the original file name of the produced document.  The native file name shall be prefixed with the document level production ID corresponding to the ID on the placeholder image for that file.

8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).  Nothing in this Order restricts how a Party may use or to whom a

Party may disclose its own Disclosure or Discovery Material, including its own Protected Material.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      8.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" and information contained therein shall be available only to:

      (a) the Receiving Party's Outside Counsel of record in this action, as well as employees and vendors of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), (3) who are independent outside witnesses or consultants (i.e., not employees of a party or of a competitor of a party, and who at the time of retention are not anticipated to become employees of a party or a competitor of a party) and (4) as to whom the procedures set forth in Paragraph 8.5, below, have been followed;

      (c) the Court and its personnel;

      (d) independent legal translators retained to translate in connection with this action, court reporters, videographers, their staffs, and persons or entities that provide litigation support services such as photocopying, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; provided that all such vendors agree to maintain the confidentiality of documents pursuant to this Protective Order;

      (e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).  However, the Producing Party may object to

the disclosure of Protected Material based on a good faith concern about potential harm resulting from such disclosure to any witness under this Paragraph 8.2(e) at any time leading up to and during the deposition, provided that the witness is not a current employee of the Producing Party, has not previously viewed, sent, or received the Protected Material, and is not otherwise permitted to receive the Protected Material under this Order.  If the Producing Party so objects, the Protected Material shall not be disclosed to the witness, unless and until the Producing Party consents to disclosure or pursuant to a court order.

(f) the author of the document or the original source of the information or any actual or intended recipients of the document;

(g) witnesses (whether at deposition or trial) if it can be established that the witness has seen the material before or otherwise knows the material;

(h) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i) up to three in-house counsel of a Defendant, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), *except* that the above-identified in-house counsel of a Defendant shall not receive access to or disclosure of Protected Information of another Defendant, absent the written consent of the Producing Party (for purposes of this Protective Order, "Defendant" refers to a party (or group of parties) sued by Plaintiff herein, and not a counterclaim Defendant).

(j) Up to four officers, directors or employees of a Party who have signed the form attached hereto as Exhibit A, except that the above-identified officers, directors or employees of a Defendant shall not receive access to or disclosure of Protected Information of another Defendant, absent the written consent of the Producing Party (for purposes of this provision, "Defendant" refers to a party sued by Plaintiff herein, and not a counterclaim Defendant).

8.3 <u>Disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and information contained therein shall be available only to the persons or entities listed in paragraphs 8.2(a) through (h), subject to any terms set forth or incorporated therein and not any person or entity listed in paragraph 8.2(a)(i) or(j).  Under no circumstances shall the defendants' "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information be disclosed to Todd E. Fitzsimmons or any individual having an ownership interest or inventorship interest in Plaintiff or the patent-in-suit.

8.4 <u>Disclosure of "HIGHLY CONFIDENTIAL CODE."</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL CODE" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation (except that this shall exclude Todd E. Fitzsimmons or any other individual having an ownership interest or inventorship interest in the Plaintiff or patents-in-suit);

(b) Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 8.5, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs,

(e) and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and

1   Agreement to Be Bound" (Exhibit A);

2   (f) during their depositions, witnesses in the action to whom disclosure

3   is reasonably necessary and who have signed the "Acknowledgement and

4   Agreement to Be Bound" (Exhibit A). However, the Producing Party may object to

5   the disclosure of Protected Material based on a good faith concern about potential

6   harm resulting from such disclosure to any witness under this Paragraph 8.4(f) at

7   any time leading up to and during the deposition, provided that the witness is not a

8   current employee of the Producing Party and is not otherwise permitted to receive

9   the Protected Material under this Order.  If the Producing Party so objects, the

10  Protected Material shall not be disclosed to the witness, unless and until the

11  Producing Party consents to disclosure or pursuant to a court order;

12  (g) an employee of the Producing Party or the author of the code or the

13  original source of the information or any actual or intended recipients of the code;

14  and

15  (h) witnesses (whether at deposition or trial) if it can be established

16  that the witness has seen the material before or otherwise knows the material.

17  8.5   Procedures for Approving Disclosure of "CONFIDENTIAL –

18  OUTSIDE ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL

19  CODE" Information or Items to Experts.

20  (a) Unless otherwise ordered by the Court or agreed in writing by the

21  Designating Party, a Receiving Party that seeks to disclose to an Expert any

22  information or items that have been designated "CONFIDENTIAL – OUTSIDE

23  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE" first must

24  make a written request to the Designating Party that (1) identifies the specific

25  categories, *i.e.*, "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or

26  "HIGHLY CONFIDENTIAL CODE," of designated information or items that the

27  Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full

28  name of the Expert and the city and state of his or her primary residence, (3)

attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years. The parties acknowledge that this disclosure itself may be designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within five court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in  Local Rules 37-1 and 37-2 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the

1   risk of harm that the disclosure would entail (under the safeguards proposed)

2   outweighs the Receiving Party's need to disclose the Protected Material to its

3   Expert.

4       8.6   <u>Procedures for Production and Review of Source Code</u>.  A Receiving

5   Party's access to a Producing Party's Source Code shall be controlled and limited to

6   those individuals with access under this Order to material designated "HIGHLY

7   CONFIDENTIAL CODE."  Under no circumstances shall a Receiving Party

8   provide copies of any portion of a Producing Party's source code to Todd E.

9   Fitzsimmons or any other person having an ownership interest or inventorship

10  interest in Plaintiff or the patents-in-suit.  Each time counsel for the Receiving Party

11  requests a review of source code on the Source Code Computer, it must give

12  reasonable advance notice to the counsel for the Producing Party that it will be

13  sending individual(s) authorized to review the source code made available on the

14  Source Code Computer.  For purposes of this provision, three (3) days is reasonable

15  advance notice.  Unless otherwise ordered by the Court or agreed to in writing by

16  the Parties, any Source Code will be subject to the following provisions:

17          (a) Each Party's Source Code, produced in electronic format on the

18          "Source Code Computer," shall be  made available for inspection at a secure

19          room in the law firm offices of the party's outside counsel in Los Angeles

20          County or Orange County, California.

21          (b) Proper identification of all authorized persons shall be provided

22          prior to any access to secure room containing the Source Code Computer.

23          Proper identification is hereby defined as a photo identification card

24          sanctioned by the government of a U.S. state, by the United States federal

25          government, or by the nation state of the authorized person's current

26          citizenship. Access to the secure room containing the Source Code Computer

27          may be denied, at the discretion of Producing Party, to any individual who

28          fails to provide proper identification.

(c) The Receiving Party may install any reasonably required analysis tools on the Source Code Computer necessary or helpful to assist in analyzing the source code.

(d) The Receiving Party may designate a reasonable number of pages of the Source Code for printing.  Within two business days following such designation, the Producing Party must produce the designated Source Code to the Receiving Party on sequentially bates numbered pages prefixed with the Producing Party's name (or recognizable abbreviation) with the legend "HIGHLY CONFIDENTIAL CODE."

(e) Absent consent of the Producing Party, no outside electronic devices, including but not limited to laptops, floppy drives, zip drives, cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones or other similar electronic devices be permitted inside the secure room containing the Source Code Computer.

(f) Access to and review of the source code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case.  No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing source code in this case in any other pending or future dispute, proceeding, or litigation.

9.    <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any attorney for or representing Plaintiff, whether Plaintiff's Outside Counsel or Inside Counsel,  who obtains, receives, has access to, or otherwise learns, in whole or in part, of any party's "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information of a technical nature or "HIGHLY CONFIDENTIAL CODE" information shall not be involved in the prosecution of patents or patent applications of Plaintiff or its acquirer, successor, predecessor, or other affiliate

(including any person having an ownership interest or inventorship interest in Plaintiff) relating to the accused technology of systems and methods for processing, verifying, or authenticating mail identification data, including any patent or application claiming priority to or otherwise related to U.S. Patents 7,814,032, 7,818,268, and 8,073,787, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office")during the pendency of this action and for two (2) years after its conclusion against all Defendants, including any appeals.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a challenge to U.S. Patents 7,814,032, 7,818,268, and 8,073,787 (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination).  This Prosecution Bar shall begin when access to the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action by another Designating Party as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE," the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than fourteen (14) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

1      The Receiving Party also must immediately inform in writing the party who

2  caused the subpoena or order to issue in the other litigation that some or all the

3  material covered by the subpoena or order is the subject of this Order.  In addition,

4  the Receiving Party must deliver a copy of this Order promptly to the party in the

5  other action that caused the subpoena or order to issue.

6      The purpose of imposing these duties is to alert the interested parties to the

7  existence of this Order and to afford the Designating Party in this case an

8  opportunity to try to protect its confidentiality interests in the court from which the

9  subpoena or order issued.  The Designating Party shall bear the burdens and the

10  expenses of seeking protection in that court of its confidential material – and

11  nothing in these provisions should be construed as authorizing or encouraging a

12  Receiving Party in this action to disobey a lawful subpoena issued in another action

13  or a lawful order issued by another court or administrative agency.

14  11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

15      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this

17  Order, the Receiving Party must immediately (a) notify in writing the Designating

18  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of

19  the Protected Material, (c) inform the person or persons to whom unauthorized

20  disclosures were made of all the terms of this Order, and (d) request such person or

21  persons to execute the "Acknowledgment and Agreement to Be Bound" that is

22  attached hereto as Exhibit A.  Unauthorized or inadvertent disclosure does not

23  change the status of Protected Material or waive the right to hold the disclosed

24  document or information as Protected Material.

25  12.   <u>FILING PROTECTED MATERIAL</u>

26      In accordance with Local Rule 79-5.1, if any papers to be  filed with the

27  Court contain information and/or documents that have been designated as

28  "Confidential" or "Confidential - Attorneys' Eyes Only" or "Highly Confidential

Code," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.  To the extent the assistance of a Designating Party is necessary to an application to file under seal, the Designating Party agrees to provide reasonable assistance.

13.    <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must securely destroy all Protected Material or return all Protected Material to the Producing Party, at the Producing Party's option.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that all the Protected Material was securely returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

14.    <u>MISCELLANEOUS</u>

14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek a modification by the Court in the future.

14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or

1    producing any information or item on any ground not addressed in this Order.

2    Nothing in this Order shall be construed as requiring disclosure of privileged

3    materials, materials subject to protection under the work product doctrine, or

4    materials which are otherwise beyond the scope of permissible discovery.

5    Similarly, no Party waives any right to object on any ground to the use in evidence

6    of any of the material covered by this Order.

7        14.3   <u>Inadvertent Production of Privileged Information</u>.  Nothing in this

8    Order shall require production of documents, information or other material that a

9    Party contends is protected from disclosure by the attorney-client privilege, the

10   work product doctrine, or other privilege, doctrine, or immunity.  If material subject

11   to a claim of attorney-client privilege or work-product immunity is inadvertently

12   produced, such production shall in no way prejudice or otherwise constitute a

13   waiver of, or estoppel as to, any claim of privilege or work-product immunity for

14   such information.  Pursuant to Federal Rule of Civil Procedure 26(b)(5), the party

15   making the claim may notify any party that received the information of the claim

16   and the basis for it.  After being notified, a party must promptly return, sequester, or

17   securely destroy, at the Producing Party's option, the specified information and any

18   copies it has; must not use or disclose the information until the claim is resolved;

19   must take reasonable steps to retrieve the information if the party disclosed it before

20   being notified; and may promptly present the information to the Court under seal

21   for a determination of the claim.  The Producing Party must preserve the

22   information until the claim is resolved.  The Parties agree that employing electronic

23   keyword searching to identify and prevent disclosure of privileged material

24   constitutes "reasonable steps to prevent disclosure" under FRE 502(b)(2).

25       14.4   <u>Federal Rule of Evidence 502(d) and (e)</u>.  The production of any

26   discovery material by any party, whether inadvertent or not, shall be without

27   prejudice to any subsequent claim by the Producing Party that such discovery

28   material is privileged or attorney-work product, and shall not be deemed a waiver

of any such privilege or protection in either the litigation pending before the Court, or any other federal or state proceeding.

14.5   <u>Transmission and Communication of Protected Material</u>.  Nothing in this Order shall prohibit the transmission or communication of "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information or items, or printed copies of "HIGHLY CONFIDENTIAL CODE" between or among qualified recipients:

(a) All Protected Material can be transmitted and communicated by e-mail, However, if the material is designated as HIGHLY CONFIDENTIAL CODE, it may only be transmitted by email if the amount of Protected Material is reasonably limited;

(b) by hand-delivery;

(c) in sealed envelopes or containers via certified mail, return receipt requested, or an established freight, delivery or messenger service; or

(d) by telephone, facsimile, or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient;

(e) in a court pleading or report, if the amount of Protected Material is reasonably limited.

14.6   <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of this action.  The Court shall retain jurisdiction after Final Disposition of this action to hear and resolve any disputes arising out of this Protective Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

14.7   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

APPROVED AS TO FORM AND CONTENT:

Dated:  January 28, 2013

O'MELVENY & MYERS LLP


By: ___/s/ Vision L. Winter_____
     Vision L. Winter Attorney for SECURED
     MAIL SOLUTIONS, LLC



FOX ROTHSCHILD LLP


By: ___/s/ Lena Bacani_____
     Lena Bacani
     Attorney for Defendants Advanced
     Image Direct, LLC, Vertis Holdings,
     Inc., Vertis, Inc., and Envelopes
     Unlimited, Inc.



MORGAN, LEWIS & BOCKIUS LLP


By: ____/s/  Mario Moore_____
     Mario Moore
     Attorney for Harte-Hanks Defendants

1

## __ATTESTATION__

2
      I hereby attest that concurrence in the filing of this document has been

3
obtained from Lena Bacani and Mario Moore.

4

5
                            /s/ Vision L. Winter

6
                            Attorneys for Plaintiff
SECURED MAIL SOLUTION, LLC

7

8
                            Dated:  February 11, 2013

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on in the case of *Secured Mail*

*Solutions, LLC v. Advanced Image Direct, LLC, et al.*, C.D. Cal. Case No. SACV

12-01090 DOC(MLGx) (consolidated for pretrial purposes with Case No. SACV

12-01118).  I agree to comply with and to be bound by all the terms of this,

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.  I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California

for enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STIPULATED PROTECTIVE ORDER

The terms and conditions set forth in this Stipulation and Request for Entry of a Protective Order are hereby SO ORDERED this 15th day of February, 2013.

_David O. Carter_

Hon. David O. Carter
United States District Court Judge